FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 01 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT WALKER, | : | MANDAMUS |
|    Plaintiff, | : | 28 U.S.C. § 1361 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1510-TCB |
| UNNAMED, | : | |
|    Defendant. | : | |

## ORDER AND OPINION

Plaintiff, currently confined at the Augusta State Medical Prison in Grovetown, Georgia, has submitted a letter to this Court which the Clerk has construed as a 28 U.S.C. § 1361 petition for a writ of mandamus. (Doc. 1). Plaintiff asks this Court to obtain a copy of his prison record from the Georgia Department of Corrections. (*Id.*) After receiving his prison record, Plaintiff invites a member of this Court to visit him and to ask him questions about his prison life. (*Id.*) Plaintiff promises to answer all questions truthfully. (*Id.*)

Plaintiff's request regarding his prison record is "in the nature of mandamus." 28 U.S.C. § 1361. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." *Id.* Federal courts have no general power to issue writs of mandamus against state officials. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d

AO 72A
(Rev.8/82)

1275 (5th Cir. 1973); *Noe v. Metropolitan Atlanta Rapid Transit Authority*, 485 F. Supp. 501, 504 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (5th Cir.), *cert. denied*, 454 U.S. 1126 (1981). Therefore, a federal court does not have the authority to order the Georgia Department of Corrections to provide this Court with a copy of Plaintiff's prison record.

With regard to Plaintiff's invitation to visit him in prison, it is not the role of the federal judiciary to initiate investigations or to serve as an advocate for a potential litigant. Consequently, this Court will not be able to send someone to visit Plaintiff.

This Court is unable to satisfy Plaintiff's requests. Therefore, this action should be summarily dismissed. *See* 28 U.S.C. § 1915A.

**IT IS ORDERED** that the instant *pro se* petition for a writ of mandamus is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action *in forma pauperis*.

**IT IS SO ORDERED**, this 1st day of June, 2010.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)